UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00063-GNS-HBB

CARTER DOUGLAS COMPANY, LLC                                                                    PLAINTIFF

v.

LOGAN INDUSTRIAL DEVELOPMENT
         AUTHORITY, INC., et al                                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Carter Douglas Company, LLC's ("Carter Douglas") Motion for Preliminary Injunction (Pl.'s Mot. for Prelim. Inj., DN 19) and its Emergency Motion for Temporary Restraining Order (Pl.'s Emergency Mot. for TRO, DN 22 [hereinafter Pl.'s Mot. for TRO]). These motions are fully briefed and ripe for adjudication. For the reasons stated below the Court **DENIES** both motions.

I.    **STATEMENT OF FACTS AND CLAIMS**

On October 9, 2012, Defendants awarded Carter Douglas a contract to "[construct] a building pad, parking lot, drainage basin, and entrances at the IDA property located on Shelton Lane, Russellville, Logan County, Kentucky." (Notice of Award, DN 1-3; Suggested Form of Agreement Between Owner and Contractor for Construction Contract (Stipulated Price) Funding Agency Edition 1 at 26, DN 1-4 [hereinafter Construction Contract]). On May 16, 2014, Carter

1

Douglas filed this action alleging that Defendants breached the Construction Contract by failing to pay Carter Douglas certain sums pursuant to that contract. (Compl. 7-8, DN 1).

On October 10, 2014, Carter Douglas, Defendants, and Berkley Regional Insurance Company ("Berkley") entered into a Takeover Agreement in which Berkley agreed, *inter alia*, to complete the remaining work on the Shelton Lane property, acting in its capacity as Carter Douglas' surety. (Takeover Agreement 2-3, 9, DN 19-1). The Takeover Agreement includes a provision that "[u]pon completion of the work under the terms of [the Takeover] Agreement, [Defendants] will pay Berkley $133,400, which constitutes the Net Remaining Contract Funds." (Takeover Agreement 4). The Takeover Agreement further provided that Defendants would deposit the Net Remaining Contract Funds in the trust account of defense counsel's law firm. (Takeover Agreement 4).

In a letter dated March 18, 2015, defense counsel alerted counsel for Berkley that its engineer, Eric Harris, had inspected and investigated the work done by Berkley and concluded that Defendants should have someone else finish the project. (March 18, 2015 Letter, DN 19-4). The letter includes a notice that "[e]ffective immediately, [Defendants terminate] Berkley as the contractor, and [Defendants] will proceed to complete the project *utilizing the funds deposited with my office*." (March 18, 2015 Letter (emphasis added)). In a letter dated March 25, 2015, counsel for Carter Douglas requested that defense counsel "provide prompt, unequivocal written assurance that you will neither disburse nor in any way encumber the funds you are holding." (March 25, 2015 Letter, DN 19-8).

On March 27, 2015 Carter Douglas filed its Motion for Preliminary Injunction, and it filed its Emergency Motion for Temporary Restraining Order on April 7, 2015. (Pl.'s Mot. for

2

Prelim. Inj.; Pl.'s Mot. for TRO).[1] Carter Douglas asserts that defense counsel "has not acknowledged receipt of the [March 25, 2015] letter or otherwise responded." (Pl.'s Mot. for Prelim. Inj. 6).

## II. STANDARD OF REVIEW

"A preliminary injunction is an extraordinary remedy that is generally used to preserve the status quo between the parties pending a final decision of the merits of the action." *IP, LLC v. Interstate Vape, Inc.*, No. 1:14CV-00133-JHM, 2014 WL 5791353, at *2 (W.D. Ky. Nov. 6, 2014). In determining whether to issue a preliminary injunction, the Court will consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (quoting *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)). The Court analyzes the same four factors when determining whether to issue a temporary restraining order. *See Ne. Ohio Coal. for Homeless & Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The Court will make specific findings concerning each factor, "unless fewer are dispositive of the issue." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985) (citing *United States v. Sch. Dist. of Ferndale*, 577 F.2d 1339, 1352 (6th Cir. 1978)).

---

[1] The motions are largely indistinguishable in factual statements, allegations, and reasoning. The Court will cite to the Motion for Preliminary Injunction, as it was filed first, but the Court's analysis and conclusions apply to both motions.

### III. DISCUSSION

The only factor that the Court need consider in this case when deciding whether to grant a preliminary injunction is whether Carter Douglas will suffer irreparable injury absent an injunction. Analysis of this factor alone is dispositive of the motions at issue.

Carter Douglas argues that it will be irreparably harmed because: (1) it will have to "chase after the money it is due," and that "would place it at a great disadvantage and deprive it of the relative security provided by the escrow arrangement that it bargained for"; (2) there is no assurance that Defendant Logan Industrial Development Authority, Inc. "has the liquid assets necessary to satisfy a claim against it," and that in any case it likely "would resist collection efforts and delay paying Carter Douglas"; and (3) Berkley has demanded collateralization from Carter Douglas "and it would appear that the only reason Berkley has not pressed the matter is that remaining project funds are being held in escrow." (Pl.'s Mot. for Prelim. Inj. 9).

As to the first reason, Carter Douglas has not explained how having to "chase after money" and deprivation of bargained-for security constitutes *irreparable* harm. "Every plaintiff runs the risk that the defendant will become judgment proof between the time of the plaintiff's injury and the entering of judgment in the plaintiff's favor." *Michigan v. Little River Brand of Ottawa Indians*, No. 5:05-CV-95, 2006 WL 2092415, at *6 (W.D. Mich. July 26, 2006). Absent an explanation of how that circumstance causes *irreparable* harm to Carter Douglas, a grant of a temporary restraining order and a preliminary injunction is inappropriate on that basis.

As to the second reason, "a preliminary injunction, designed to freeze the status quo and protect the damages remedy is an appropriate form of relief when it is shown that the defendant is *likely* to be insolvent at the time of judgement." *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995) (emphasis added) (quoting *Teradyne, Inc. v.*

*Mostek Corp.*, 797 F.2d 43, 52 (1st Cir. 1986)) (internal quotation marks omitted). Carter Douglas has not, however, offered any evidence that the Defendants are likely not solvent at this time or are likely to be insolvent at the time of any judgment. Its allegation that Defendants "would resist collection efforts and delay paying" is similarly not supported by any evidence, and in any case neither allegation if proven true would *irreparably* harm Carter Douglas. Thus, this reason is also not an appropriate basis for granting a temporary restraining order and a preliminary injunction.

As to the third reason, speculation that Berkley has not pressed the matter of collateralization because the remaining project funds are being held in escrow is not sufficient to show *irreparable* harm. Even if this were the case, Carter Douglas's obligation to its surety are not Defendants' responsibility, and they are not obligated to secure the funds in escrow for the benefit of Carter Douglas' ability to postpone collateralization.

Finally, Carter Douglas has failed to establish the immediate need for this extraordinary remedy. "To establish immediate and irreparable harm there must be an actual, viable, presently existing threat of serious harm." *C.A. Jones Mgmt. Grp., LLC v. Scottsdale Indem. Co.*, No. 5:13-CV-00173, 2014 WL 811654, at *4 (W.D. Ky. Feb. 28, 2014) (citation omitted). Carter Douglas has offered only speculative harm.

Carter Douglas cites *Lynch Corporation v. Omaha National Bank*, 666 F.2d 1208 (8th Cir. 1981), in support of its argument for a preliminary injunction. In *Lynch Corp.*, the potential arose for the plaintiff to prove its right to money held in an escrow account in a separate litigation, but the defendant bank could nonetheless have disbursed money in the escrow account without liability in the meantime to numerous third parties. *Id.* at 1211-12. The court held that the plaintiff had shown irreparable harm because a "multiplicity of suits would be required to

gain relief," as the plaintiff would have to pursue the transferees who received escrow money from the defendant. *Id.* at 1212. In this case, however, there is: (1) no concurrent litigation seeking rescission of the agreement containing the escrow terms, and (2) no showing that there would be a multitude of suits necessary to recover damages from disbursement of the money currently in escrow. *Lynch Corp.*, is, therefore, neither persuasive nor dispositive of the motions at issue.

Carter Douglas also cites a case in which a bank held funds in escrow and the plaintiff sought an injunction to prevent distribution of funds to defendant, arguing that defendant had not performed under the contract. *Basin Elec. Power Co-op v. MPS Generation, Inc.*, 395 F. Supp. 2d 859 (D.N.D. 2005). The court in that case found irreparable harm because, with a mechanic's lien against the project and a separate $292,000 judgment against the defendant, if the monies were disbursed to the defendant, they would likely be unavailable if plaintiff prevailed. *Id.* at 866-67. By contrast, Carter Douglas has not offered any evidence that, even if the amount in escrow were disbursed, Defendants would be unable to satisfy a judgment if Carter Douglas prevails. As with *Lynch Corp.*, *Basin Electric Power Co-op* is neither persuasive nor dispositive.

Finally, Carter Douglas cites *Chicago Title Insurance Company v. Lexington & Concord Search and Abstract, LLC*, 513 F. Supp. 2d 304 (E.D. Penn. 2007), in support of its argument. In *Chicago Title Insurance Co.*, two defendants had ceased operations and either had no assets or only encumbered assets; it was against these defendants that the court entered an injunction. *Id.* at 320. This case is easily distinguished: there is no allegation that Defendants have zero assets or only encumbered assets. Therefore, as with *Lynch Corp.* and *Basin Electric Power Co-op*, *Chicago Title Insurance Company* is neither persuasive nor dispositive.

## IV. CONCLUSION

For the reasons detailed above, **IT IS HEREBY ORDERED** that Carter Douglas Company, LLC's Motion for Preliminary Injunction (DN 19) and Emergency Motion for Temporary Restraining Order (DN 22) are **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

June 30, 2015

cc: counsel of record